IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02238-MSK-MJW

ALLEN GRIDER,

    Plaintiff,

v.

STEVEN ZITO, individually and in his capacity as a Deputy Sheriff for Adams County, Colorado,
MICHAEL MCINTOSH, in his capacity as Sheriff of Adams County, Colorado, and
ADAMS COUNTY, COLORADO,

    Defendants.

---

## PROTECTIVE ORDER ( Docket No 23-1 )

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.    In this action, the Parties anticipate seeking Confidential Information (as defined in paragraph 2 below) during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. by imprinting the word "Confidential" on the each page of any document produced;

    b. by imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. with respect to transcribed testimony, by indicating on the record at the deposition which portions of the transcript and/or responses should be treated as "Confidential." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial or trial proceeding, the offering or sponsoring party or non-party may designate such transcript or recording, or any portion thereof, as "Confidential" by notifying all parties, in writing, or the specific pages and lines of the transcript or recording that should be treated as "Confidential." All transcripts or recordings of depositions shall be treated as "Confidential" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. Transcript pages contained protected material must be separately bound by

        the court reporter, who must affix to the top of each such page the legend "Confidential," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony;

    d.    for ESI, either by imprinting the word "Confidential" on any disk or storage medium, or on the face of each page of a document sodesignated, or by designating the production as "Confidential" in the transmittal cover letter.

4.    All Confidential Information provided shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless a Declaration in the form of Exhibit A has been signed.

5.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.    The Party's counsel who discloses Confidential Information shall be responsible for obtaining and retaining the original Declarations signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is

4

disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court. To the extent that such a challenge arises prior to the Parties' expert disclosures, the names of the experts to whom documents were sent will not need to be disclosed, unless the Court orders such disclosures, and then the names will be disclosed to the Court only, *in camera.*

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. The written notice shall identify the information to which the objection is made. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If the parties cannot resolve the objection within seven (7) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the

Court determine whether the disputed information should be subject to the terms of this Protective Order within fourteen (14) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

11. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under restricted access" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under restricted access. Any motion requesting leave to file documents under restricted access shall comply with the requirements of D.C.COLO.LCivR 7.2, designate the access to which the documents shall be restricted and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of The Case. MJW 12-15-15

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Within thirty (30) days after the conclusion of this action, including any appeals, unless other arrangements are agreed upon, each document and copies thereof which have been designated as Confidential shall be returned to the producing party, destroyed, or stored by counsel in a manner subject to this Protective Order and which will preclude others, including the parties and their agents (other than undersigned counsel), from obtaining such documents. Moreover, copies of all deposition transcripts referring to Confidential documents shall be sealed by counsel.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

APPROVED AND SO ORDERED this 16th day of December, 2015.

Dated: December 15, 2015

_____
United States District Court
Magistrate Judge Watanabe

The parties hereby agree to the above Protective Order entered by the Court.

/s/ David R. Juarez
David R. Juarez
11154 Huron St. Suite 207
Northglenn, CO 80234
303-255-4779
davidjuarez@nmcols.com

*Attorney for Plaintiff Allen Grider*

/s/ Juliane T. DeMarco
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy.
5th Floor, Suite C5000B
Brighton, CO 80601
Phone: (720) 523-6116
Fax: (720) 523-6114
jdemarco@adcogov.org

*Attorney for Defendants Steven Zito,
Michael McIntosh and Adams County*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02238-MSK-MJW

ALLEN GRIDER,

    Plaintiff,

v.

STEVEN ZITO, et al.,

    Defendants.

## DECLARATION

    I, _____, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

    1.    I have read the Protective Order in the above captioned matter, a copy of which is attached to this Declaration.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording devise any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

Dated: _____

                                                                                      PRINT NAME

                                                                                       SIGNATURE